77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Danny Harold ASHTON, Plaintiff-Appellant,
v.
CREEK COUNTY DISTRICT COURT, OKLAHOMA, Donald Thompson,
Charles Woodson; Creek County District Attorney, Lantz
McLain, Max Cook, Don Nelson, Mike Loefler; Sapulpa Police
Department, Bruce Duncan, Jim Walls, Gary Young; Creek
County Public Defender's Office, William Errickson, Frank
Pacenza, David Ball, Nick Abel, Mary Bruel; Charles
Hammitt, Defendants-Appellees.
 No. 95-5216.
 D.C. No. 95-C845-K.
 United States Court of Appeals, Tenth Circuit.
 Feb. 21, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT*
 BRISCOE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Danny Harold Ashton filed what he describes as a hybrid 42 U.S.C. § 1983 civil rights/28 U.S.C. §§ 2254-2255 action, contending he was deprived of a fair trial by his attorney's refusal to call witnesses or gather evidence, by his failure to file motions properly, and by his stipulation to invalid prior convictions. He also contended the district attorneys "suppressed" exculpatory evidence and evidence which would establish that he was arrested without probable cause. He further contended the Creek County Police Department falsified evidence and, specifically, used confidential informants to plant evidence at his residence. Ashton asked for actual and punitive damages from each defendant and also requested fees, expenses, the return of bond money, and his immediate release from custody.
 
 
 3
 The district court found that the majority of Ashton's contentions amounted to claims of ineffective assistance of counsel. The court dismissed the complaint as frivolous because it revealed no factual allegations or legal theories that might arguably support a basis for relief. The court further held that Ashton could not seek money damages for the alleged invalidity of his conviction prior to a determination that the conviction and resulting confinement were invalid, citing Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Ashton requested a stay pending exhaustion of state remedies. The district court denied the motion.
 
 
 4
 On appeal, Ashton contends the district court for the Northern District of Oklahoma erred in dismissing his hybrid §§ 1983/2255 action when the district court for the Eastern District of Oklahoma had ordered the clerk to issue summons in a habeas action filed in that district. Ashton wanted the Northern District to consider in this present action his habeas action filed in the Eastern District, although the record does not show Ashton sought consolidation of these actions. He argues when both filings are read together, he has stated a claim which would withstand dismissal under 28 U.S.C. § 1915(d).
 
 
 5
 Ashton has filed with this court a Petition for Writ of Habeas Corpus, together with a copy of the Petition for Writ of Habeas Corpus and supporting brief which were filed in the District Court of Creek County, Colorado. We construe these documents as a motion to supplement the record and grant such motion.
 
 
 6
 We have reviewed Ashton's appellate brief, the pleadings, the district court's order, and the supplemental record, and have carefully examined the entire record on appeal. Based upon our review of the record, we find no reversible error and affirm the dismissal of Ashton's motion for substantially the same reasons set forth in the district court's order.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3